**Carl BIZZLE and Vickie Bizzle, Appellants,**

**v.**

**McKESSON CORPORATION, a California Corporation, d/b/a McKesson Pharmaceuticals; Acorn Development Companies, Inc., a New Jersey Corporation, d/b/a Carex Products, Appellees.**

**No. 91–2151.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided April 7, 1992.

David G. Dempsey, St. Louis, Mo., argued, for appellants.

Michael Charles Margherio, St. Louis, Mo., argued, for appellees.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Carl and Vickie Bizzle appeal from the district court's[1] judgment in favor of McKesson Corporation and Acorn Development Companies, Inc. We affirm.

## I. BACKGROUND

On November 3, 1987, Carl Bizzle (hereinafter "Carl") injured his back while at work. As a result of his injury, he underwent surgery for a ruptured disc. After the hospital discharged Carl, his sister purchased (with Carl's money) a walking cane from Four Rivers Home Care. The next day, while using the cane, Carl fell backward down a set of stairs; the resulting injuries necessitated two additional surgical procedures. Bizzle and his wife sued McKesson Corporation (hereinafter "McKesson"), the cane's distributor, and Acorn Development Companies, Inc., (here-

---

**1.** The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

inafter "Acorn") the cane's manufacturer, for strict products liability, negligence, and breach of warranty.

Thirteen days before trial, the Bizzles designated an expert witness in violation of the time restrictions of the Eastern District of Missouri's Local Rule 33. The district court granted the defendants' motion to strike the designation.

At trial, the Bizzles claimed the cane was defective and broke while Carl was using it on the stairs, thereby causing Carl further injury. The broken cane was lost before trial[2] and the Bizzles were only able to introduce pictures of the cane into evidence. The Bizzles attempted to introduce evidence that Acorn recalled a particular model of cane after learning of the Bizzles' lawsuit. The district court specifically relied on Federal Rule of Evidence 407 in sustaining Acorn's objection to this evidence. At the close of the case, the district court adopted Acorn's proposed instruction defining the phrase "defective condition unreasonably dangerous," which phrase appeared as part of Missouri Approved Instruction 25.04.

The defendants (now appellees) contended the cane was not defective and that it broke when Carl hit the ground. The court granted McKesson's motion for dismissal on the strict liability count under Mo.Rev. Stat. § 537.762 (1986), which provides that a defendant distributor may be dismissed if there is another defendant that could be liable for the total recovery of the plaintiff's claim. The case proceeded to trial against Acorn on all counts and against McKesson on the negligence and breach of warranty claims. The Bizzles voluntarily dismissed McKesson at the close of all of the evidence. The jury returned a verdict in favor of Acorn and the Bizzles appeal.

## II. DISCUSSION

### A. Evidence of the Recall

The Bizzles contend Federal Rule of Evidence 407 does not prohibit evidence of a recall in strict products liability cases.[3] They further contend there was no sound, practical reason for excluding evidence of the recall.

The Bizzles' characterization of Rule 407 is correct. *Donahue v. Phillips Petroleum Co.,* 866 F.2d 1008, 1013 (8th Cir.1989) ("[i]t has long been the law of this Circuit that Rule 407 does not preclude the introduction of evidence of subsequent remedial measures in a strict liability case."). Nevertheless, the district court reached the correct result, even if for the wrong reason. "In reviewing a case upon appeal, this court may 'affirm on any ground supported by the record, even though that ground was not directly addressed (or, in fact, addressed at all) in the court below.' " *First Nat'l Bank in Brookings v. United States,* 829 F.2d 697, 699 (8th Cir.1987) (quoting *Katter v. Arkansas Louisiana Gas Co.,* 765 F.2d 730, 734–35 (8th Cir. 1985)). In addition to objecting on the basis of Rule 407, Acorn's counsel objected that evidence of the recall was unduly prejudicial. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Assuming, without deciding, that the Bizzles had sufficient evidence to prove that Carl's cane was manufactured by Acorn, there was minimal evidence to suggest that Carl's cane was the same model that Acorn recalled. The recall's minimal probative value was easily outweighed by the dangers of unfair prejudice to Acorn and of misleading the jury caused by the very real possibility that Carl's cane was not subject to the recall. We therefore conclude the

---

**2.** The cane in question was stored in the offices of the Bizzles' former attorney and apparently "disappeared without explanation." Plaintiff's Brief at 15. The details of the cane's disappearance are apparently contained on pages 2–69 and 2–70 of the trial transcript, *see id.;* unfortunately, those portions of the transcript were not included in the Joint Appendix.

**3.** Rule 407 provides in pertinent part:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.

**722**

district court did not err in refusing to admit evidence of the recall.

### B. Expert Testimony

 The Bizzles claim the district court erred by disallowing expert testimony proffered a mere thirteen days before trial. Local Rule 33 of the Eastern District of Missouri provides that expert witnesses must be designated not less than sixty days before trial. Additionally, they must be made available for deposition not less than forty-five days before trial.

It is within the district court's discretion to exclude expert witnesses that have not been disclosed sufficiently in advance of trial. *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572 (8th Cir.1989). Rule 33 establishes the time parameters within which expert witnesses must be identified, and it is entirely proper for the district judge to follow the local rule. On appeal, the Bizzles do not explain why they should have been excused from Rule 33's requirements other than stating that the expert testimony was very important to their case. In the court below, the Bizzles explained their failure to comply with the rule was caused by a change in counsel and, consequently, a change in trial strategy. However, this was not a wholly unexpected occurrence; with adequate planning the Bizzles could have anticipated they would need an expert witness and complied with Rule 33. Furthermore, the record does not reflect the Bizzles requested a continuance in order to allow them time to comply with Rule 33. Under these circumstances, the district court did not abuse its discretion in granting Acorn's motion to strike the designation of the Bizzles' expert witness.

### C. Jury Instructions

 The Bizzles claim it was error for the district court to adopt Acorn's proposed instruction defining "defective condition unreasonably dangerous." The instruction stated

[a] product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or customer who purchases it, with the ordinary common knowledge to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured by using it.

"A trial judge is given broad discretion in framing the instructions, and will not be disturbed on appeal if the instructions, when considered as a whole, adequately and sufficiently state the law applicable to the case." *Roth v. Black & Decker United States, Inc.*, 737 F.2d 779, 784 (8th Cir. 1984). The Bizzles do not suggest the instruction is an inadequate or incorrect statement of Missouri law. Instead, they argue Missouri Supreme Court Rule 70.-02(b), along with Missouri cases construing this rule, maintain that an instruction attempting to define a term used in MAI is erroneous and courts should not give defining instructions not contained in MAI. However, it is the established law of this circuit that "[w]hile state law determines the substance of jury instructions in a diversity action, the granting or denying of such instructions is controlled by federal law." *Id.* Consequently, the district court did not err simply by departing from the Missouri Approved Instructions. Because the Bizzles do not contend (and we do not believe) the definition misstated Missouri law, no reversible error was committed.

### III. CONCLUSION

We conclude the district court did not err or abuse its discretion by not admitting evidence of a subsequent remedial measure by defendants, granting Acorn's motion to strike the untimely designation of Bizzle's expert witness, or defining the term "defective condition unreasonably dangerous" for the jury. The judgment is affirmed.