204 F.Supp.2d 1204 (2002)
Pamela DRAKE, Plaintiff,
v.
NORTH AMERICAN PHILLIPS CORPORATION, Phillips Electronics North American Corporation, Norelco Consumer Products Company, and Wal-Mart Stores, Inc., Defendants.
No. 4:01CV1994 DDN.
United States District Court, E.D. Missouri, Eastern Division.
April 23, 2002.
Gregory G. Fenlon, Fenlon and Fenlon, St. Louis, MO, for plaintiff.
Beth Kamp Veath, Kenneth M. Burke, Brown and James, P.C., Belleville, IL, for defendants.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court on the motion of defendant Wal-Mart Stores, Inc., (Wal-Mart) to dismiss Counts I and II against it (Doc. No. 9 as supplemented by Doc. No. 18). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Pamela Drake, a Missouri resident, commenced this products liability action in the Circuit Court of the City of St. Louis against the manufacturers of a hair removal system, and Wal-Mart, the operator of the store where the product was sold. Counts I and II claim strict liability, alleging a defective and unreasonably dangerous product, and a failure to warn of the dangers. Counts III and IV sound in negligence for the alleged defect and failure to warn. Count V alleges that defendants manufactured and sold a product *1205 unfit for its intended use. Wal-Mart is named as a defendant in each count. Defendants, all non-Missouri corporations, removed the action to this court on the basis of diversity of citizenship subject matter jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a).
Wal-Mart has moved to dismiss the strict liability claims against it in Counts I and II and invokes Missouri's innocent seller statute, Mo.Rev.Stat. § 537.762. This statute provides as follows:
1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.
2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.
3. A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.
4. The parties shall have sixty days in which to conduct discovery on the issues raised in the motion and affidavit. The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.
5. Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections 2 and 3 of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.
6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.
7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.
See Mo.Rev.Stat. § 537.762 (2000). Supporting Wal-Mart's motion is an affidavit which complies with subsection 3 of the statute. Exh. to Supp.Mot. to Dismiss (Doc. 19).
Drake opposes the motion, arguing that (1) the innocent seller statute is a procedural law, not a substantive one, and, thus, does not apply in federal court; (2) Wal-Mart seeks the dismissal only of Counts I and II, and will remain a defendant in the suit, thereby defeating the statute's purpose of allowing innocent sellers to avoid costly litigation; and (3) Wal-Mart may not be an innocent sellerthe product could have been altered by Wal-Mart.
Wal-Mart has rejoined that § 537.762 is substantive and applicable in this federal action, and that it is entitled to dismissal from Counts I and II, irrespective of its involvement in Drake's other claims.
Section 537.762 has been described as having both procedural and substantive aspects. Letz v. Turbomeca Engine Corp., 1993 WL 469182 at *1 (W.D.Mo.1993) ("the *1206 statute is both procedural and substantive"); cf., Temporomandibular Joint (TMJ) Implant Recipients v. E.I. Du Pont De Nemours & Co., 97 F.3d 1050, 1059 (8th Cir.1996) (§ 537.762 allows "dismissal of seller in products liability action if manufacturer is also a defendant"). In this federal diversity action the court must apply the substantive law of the appropriate jurisdiction, but it will apply federal procedural law in the progress of the case. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 92, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Schaefer v. Spider Staging Corp., 275 F.3d 735, 738 (8th Cir.2002).
In its substantive aspect § 537.762 reflects Missouri's common law rules regarding the innocent seller in a products liability action:
... [A] seller is still liable for its own negligence or other conduct other than its own negligence or other conduct other than its status as a seller in the stream of commerce. Under section 537.762, dismissal is only proper where the defendant's liability is based solely on its status as a seller in the stream of commerce.
* * * * * *
Section 537.762, by its very terms, does not change the substantive law relating to an innocent seller's liability; as its effect is only procedural. See also, Pruett v. Goldline Laboratories, Inc., 751 F.Supp. 1372, 1372 (W.D.Mo.1990). A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability. See, Welkener v. Kirkwood Drug Store Co., 734 S.W.2d 233, 241 (Mo.App.1987). The purported purpose of section 537.762 is to allow a seller in the stream of commerce "to be released at an early stage of the litigation, rather than wait until the completion of litigation to obtain indemnity."
Malone v. Schapun, Inc., 965 S.W.2d 177, 181-82 (Mo.Ct.App.1997) (emphasis added) (quoting Dennis J. Dobbels, "Missouri Products Liability Law Revisited," 53 Mo. L.Rev. 227, 238 (1988)) (some internal citations omitted).
The paramount effect of § 537.762 is procedural. Id.; Tiny Totland, Inc. v. Spalding & Evenflo Cos., 242 F.3d 830, 834 n. 5 (8th Cir.2001). Under certain circumstances, it provides a mechanism for the dismissal without prejudice of an innocent seller-defendant at an early pre-trial stage of the action. Temporomandibular Joint (TMJ) Implant Recipients, 97 F.3d at 1059 (allows dismissal if the manufacturer is also a defendant), with an opportunity for the seller to be pressed back into the action if no one higher on the commercial chain is available to the plaintiff. Dorsey v. Sekisui Am. Corp., 79 F.Supp.2d 1089, 1092 (E.D.Mo.1999). In this respect, it approximates the procedures provided by Federal Rules of Civil Procedure 12 and 56, and this court's Local Rule 7-4.05. Cf., Letz, 1993 WL 469182 at *1 (perhaps available to test the due diligence of plaintiff under Fed.R.Civ.P. 11).
The procedure of § 537.762 ought not be invoked for dismissing defendant Wal-Mart in this action in lieu of the procedures provided by the federal rules, for several reasons. First, being procedural it is not applicable in this federal action. See Pender v. Bell Asbestos Mines, Ltd., 46 F.Supp.2d 937, 939 (E.D.Mo.1999); Pruett v. Goldline Laboratories, Inc., 751 F.Supp. 1372, 1372 (W.D.Mo.1990).[1] Second, Wal-Mart *1207 is being sued in Counts III-V for other than strict liability, as well as for strict liability in Counts I and II, and might not be entitled to full indemnification under Missouri law. Any appropriate substantive grounds for dismissal, whether or not reflected in § 537.762, ought to be pursued under the federal procedural rules.
Accordingly,
IT IS HEREBY ORDERED that the motion of defendant Wal-Mart Stores, Inc., to dismiss Counts I and II of the complaint (Doc. Nos. 9 and 18) is denied without prejudice.
NOTES
[1] In Bizzle v. McKesson Corp., 961 F.2d 719, 720 (8th Cir.1992), the court merely observed, without approving or disapproving, that the district court dismissed a party under § 537.762. In Letz, 1993 WL 469182 at *1 (W.D.Mo.1993), the court dismissed a party under § 537.762 where plaintiff did not object except to argue that there had not been enough time to engage in sufficient discovery.