Douglas BURTON, Jr. and Pearlia Mae Burton, Plaintiffs,

v.

WERNER CO., F/K/A R.D. Werner Manufacturing Company, Inc., and Alvin R. Minor and William R. Minor, D/B/A Minor Brothers, A Partnership, Defendants.

No. CIV.A.3:03CV142–P–A.

United States District Court,
N.D. Mississippi,
Western Division.

Aug. 10, 2004.

William H. Liston, Liston/Lancaster, Winona, MS, William Liston, III, Liston/Lancaster, Jackson, MS, for Plaintiffs.

Michael O'Mara Gwin, Watkins & Eager, Jackson, MS, F. Ewin Henson, III, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, for Defendants.

### *ORDER*

PEPPER, District Judge.

This cause comes before the court upon Plaintiffs' Motion to Remand [3–1]. Upon due consideration of the motion and the responses thereto the court finds as follows, to-wit:

For the reasons accurately discussed in the Defendants' briefs, adopted and incor-

porated by this court, the motion to remand is not well-taken and should be denied. The dispositive issue regarding the plaintiffs' desire to remand this case to the state court whence it came is deceptively simple: whether the Mississippi Legislature can divest a defendant of his right to remove to a federal court a civil action filed against him in state court on diversity jurisdiction grounds. The answer is, No.

The Mississippi statute at issue is Mississippi Code Annotated §§ 11–1–64 (effective from January 1, 2003 to September 1, 2004). This case was filed in state court on March 24, 2003; thus, § 11–1–64 as a whole is applicable to this case notwithstanding the Legislature's repeal of said statute effective September 1, 2004. The applicable § 11–1–64 provides in pertinent part that:

> (1) A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

Subsections (2), (3), (4) and (5) set out the parameters as to how a so-called "innocent seller" can effectuate the goal of dismissal under § 11–1–64.

█ In this action, the Minor brothers have clearly complied with those subsections and therefore should be dismissed from this action. The plaintiffs have provided insufficient evidence to prove that the Minor brothers, as "innocent sellers", should be liable for the allegedly defective ladder. As such, there is no reasonable possibility of recovery against the Minor brothers as sellers of the allegedly defective ladder under any of the claims levied by the plaintiffs (all of which constitute what is essentially a products-liability action). Therefore, the defendants have met their heavy burden in proving "fraudulent joinder." That is not to say, however, that the plaintiffs were fraudulent *per se* when they joined the Minor brothers. Rather,

the joinder was fraudulent in the sense that defendants were joined when there was no reasonable possibility of recovery under the claims filed against them.

█ The plaintiffs argue that § 11–1–64(6) vitiates the defendants' removal theory and require the Minor brothers to remain in the suit at least for purposes of establishing jurisdiction. This subsection provides:

> (6) No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Miss.Code Ann. § 11–1–64(6) (effective January 1, 2003 to September 1, 2004).

The plaintiffs suggest that subsection (6) means that even if this court dismissed the Minor brothers as fraudulently joined, it could not divest the original state court of jurisdiction because it was "otherwise proper at the time the action was commenced." Presumably the plaintiffs argue that the phrase "otherwise proper", as applied to this case, reflects the theory that a plaintiff can legally file an action involving both complete diversity amongst the parties and more than $75,000 in state court rather than federal court. In theory, this is correct.

However, completely diverse defendants have the statutory right to remove such an action to federal court on diversity grounds pursuant to 28 U.S.C. §§ 1441, 1446, and 1447. Mississippi Code Annotated § 11–1–64(6) fails to take this into account. Such is in direct conflict not only with the removal statutes but also with Article VI, clause 2 of the U.S. Constitution which provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . and the Judges in

every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Hence, no state law can act to deprive the instant defendants from removing this case to federal court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion to Remand [3–1] is hereby **DENIED**; and

(2) All of the plaintiffs' claims against Defendants Alvin R. Minor and William R. Minor, d/b/a Minor Brothers, A Partnership are **DISMISSED WITH PREJUDICE.**