Sammy **HENDERSON**, Individually and on Behalf of all the Wrongful Death Beneficiaries of Wanda Henderson, Deceased Plaintiff

v.

**FORD MOTOR COMPANY**, Flatland Ford, Lincoln, Mercury, Inc. et al. Defendant

No. CIV.A.2:04 CV 211.

United States District Court, N.D. Mississippi, Delta Division.

Oct. 4, 2004.

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, MS, for Sammy Henderson, Individually and on behalf of all the wrongful death beneficiaries of Wanda Henderson, Deceased, plaintiff.

Cable Matthew Frost, Baker, Donelson, Bearman & Caldwell, Jackson, MS, Kimberly Elizabeth Sands, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Memphis, TN, Lindsey C. Meador, Meador & Crump, Cleveland, OH, for Ford Motor Company, Trw Automotive Products, Inc., Trw Automotive, Inc., Flatland Ford, Lincoln, Mercury, Inc., fka Hannaford Ford, Lincoln, Mercury, Inc., defendants.

*ORDER*

MILLS, District Judge.

This cause comes before the court on the motion of plaintiff Sammy Henderson, pursuant to 28 U.S.C. § 1447, to remand [20–1] this case to the Circuit Court of Bolivar County. Defendants Ford Motor Company ("Ford"), *et al* have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is not well taken and should be denied.

This wrongful death action involves products liability claims asserted by Sammy Henderson arising out of the death of Wanda Henderson in a June 1, 2002 automobile accident. In his complaint, plaintiff alleges that the accident resulted from the unreasonably dangerous condition of the 1997 Ford Explorer in which the decedent was riding, which defects resulted in the vehicle "rolling over." Plaintiff filed suit in the Circuit Court of Bolivar County on August 11, 2004, and the case was removed to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

■ Plaintiff has moved to remand, arguing that diversity jurisdiction is lacking in this case inasmuch as the retailer defendant Flatland Ford, Lincoln, Mercury, Inc. ("Flatland") is, like plaintiff, a Mississippi resident. Defendants counter that Flatland was fraudulently/improperly[1] joined for the purposes of defeating removal jurisdiction and that the residence of this defendant should therefore be disregarded for jurisdictional purposes.[2] The

1. In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir.2004) ("*Smallwood III*"), the Fifth Circuit, sitting en banc, recently suggested that the term "improper joinder" is a preferable term to the phrase "fraudulent joinder," and this court will follow the Fifth Circuit's suggestion in this regard.

2. Plaintiff also argues that this case was untimely removed thirty-two days after service

upon Flatland and that Flatland improperly failed to join in the removal petition. See 28 U.S.C. § 1446(b). However, the court concludes that Flatland was fraudulently/improperly joined in this case, and other federal courts in this circuit have held that a fraudulently joined defendant is not required to join in a removal petition, nor does it constitute a "first-served defendant" for the purpose of the thirty-day removal requirement. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th

removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery;" to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of [improper] joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 386 (5th Cir.2000)).

This motion to remand involves an important issue of law, namely whether Miss. Code. Ann. § 11–1–64, which was enacted as part of the Legislature's Fall 2002 special session on "tort reform," entitles "innocent sellers" to dismissal in federal court upon a finding of improper joinder. This is an issue about which reasonable minds can disagree. Section 11–1–64 is a rather peculiar statute, permitting sellers whose liability is " based solely on [their] status as a seller in the stream of commerce" to obtain dismissals in state court, while still nominally being considered defendants for jurisdictional purposes. Specifically, the statute, which only applies to cases filed between January 1, 2003 and August 31, 2004, provides as follows:

(1) A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

(2) This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom recovery may be had for plaintiff's claim.

(3) A defendant may move for dismissal under this section within one hundred eighty (180) days from the date an answer or other responsive pleading is due to be filed or at such later time as may be permitted by the court for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.

(4) The parties shall have sixty (60) days in which to conduct discovery on the issues raised in the motion and affidavit.

Cir.1993); *Harrod v. Zenon*, 2003 WL 21748687, *5 (E.D.La.2003).

As noted by defendants, the "first-served defendant" rule arises from the requirement that all served defendants join in the removal petition, *see Brown v. Demco*, 792 F.2d 478, 481–82 (5th Cir.1986), and the Fifth Circuit held in *Jernigan* that it would be "nonsensical" to require fraudulently joined defendants to join in the removal petition. It logically follows that the thirty-day removal period does not begin to run upon service of a fraudulently joined defendant. In addition, it is apparent that a contrary rule could lead to numerous abuses of the removal process by plaintiffs, as noted by defendants in their brief. Plaintiff's procedural objections to the removal in this case are thus without merit.

The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.

(5) Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections (2) and (3) of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.

(6) No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

(7) An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim.

Section 11–1–64 is based upon a very similar Missouri statute, Mo.Rev.Stat. § 537.762, and Missouri federal courts have interpreted the Missouri statute as not giving rise to federal removal jurisdiction. *See, e.g. Drake v. North American Phillips Corp.,* 204 F.Supp.2d 1204, 1205 (E.D.Mo.2002); *Pender v. Bell Asbestos Mines, Ltd.,* 46 F.Supp.2d 937, 939 (E.D.Mo.1999). In *Pender,* for example, a Missouri district court wrote as follows:

[U]nder the substantive law of Missouri [the retailer] remains potentially liable in this case. It is therefore still a party and diversity jurisdiction does not exist. A hypothetical situation based on this case shows why remand makes sense. If all of the other defendants remaining in this case became insolvent or for some other reason it became apparent that there is no other defendant "from whom total recovery may be had for plaintiff's claim," then, at any time before final judgment or settlement of this case, Reliance could be reinstated as a defendant. That is the substantive law of Missouri.

Defendants note, however, that Judge Pepper recently reached an interpretation of the Mississippi statute which differs from that reached by Missouri district courts. In the decision of *Burton v. Werner Co.,* 335 F.Supp.2d 734, 735–36 (N.D.Miss.2004), Judge Pepper wrote as follows:

the Mississippi provides that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." However, in order to be applicable, the statute requires that there be before the court "another defendant, including the manufacturer" from whom recovery may be had for plaintiff's claim. The plaintiffs argue that § 11–1–64(6) vitiates the defendants' removal theory and require the Minor brothers to remain in the suit at least for purposes of establishing jurisdiction. This subsection provides:

(6) No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Miss.Code Ann. § 11–1–64(6) (effective January 1, 2003 to September 1, 2004). The plaintiffs suggest that subsection (6) means that even if this court dismissed the Minor brothers as fraudulently joined, it could not divest the original

state court of jurisdiction because it was "otherwise proper at the time the action was commenced." Presumably the plaintiffs argue that the phrase "otherwise proper", as applied to this case, reflects the theory that a plaintiff can legally file an action involving both complete diversity amongst the parties and more than $75,000 in state court rather than federal court. In theory, this is correct.

However, completely diverse defendants have the statutory right to remove such an action to federal court on diversity grounds pursuant to 28 U.S.C. §§ 1441, 1446, and 1447. Mississippi Code Annotated § 11–1–64(6) fails to take this into account. Such is in direct conflict not only with the removal statutes but also with Article VI, section 1, clause 2 of the U.S. Constitution which provides that "the Laws of the United States ... shall be the supreme Law of the Land ... and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Hence, no state law can act to deprive the instant defendants from removing this case to federal court.

*Burton,* at 735. Based upon this conclusion, Judge Pepper found the retailer defendants in *Burton* to be improperly joined, and he accordingly dismissed the claims against them with prejudice.

While the issue is a close one, this court favors Judge Pepper's analysis over that of the Missouri district courts. Plaintiff notes, and with some force, that § 11–1–64(5) specifically provides for an interlocutory dismissal *without* prejudice, and § 11–1–64(7) provides that "an order of dismissal under this section shall be interlocutory until final disposition of plaintiff's

claim." Moreover, § 11–1–64(6) provides that "[n]o order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced." Thus, superficially, § 11–1–64 precludes a finding of improper joinder of a seller defendant on the basis of any quasi-dismissal entered pursuant to the statute.

As a matter of substance, however, it is plain that the effect of § 11–1–64, in the present case, will be to remove any *real* possibility of recovery against Flatland. Ford is the primary defendant in this case, and there is virtually no chance that Ford will become insolvent, so as to entitle plaintiff to seek recovery from the retailer pursuant to § 11–1–64(2). Plaintiff offers no other scenario in which he might realistically be permitted to recover from Flatland under § 11–1–64. In his complaint, plaintiff merely makes generic allegations that Flatland sold the vehicle to decedent with knowledge of its defective condition. Plaintiff cites the 2004 version of Miss. Code Ann. § 11–1–63(h) as his sole authority in support of the proposition that knowledge of a defect on the part of a retailer might give rise to liability on its part,[3] but this provision only became effective on September 1, 2004 and is inapplicable to this case.

■ It is thus apparent that plaintiff has failed to offer any applicable authority to rebut defendants' persuasive arguments that no reasonable possibility of recovery exists against Flatland under Mississippi law. It is likewise clear that plaintiff seeks to hold Flatland liable based solely upon its status as a "seller in the stream of commerce" within the meaning of § 11–1–64. Where, as here, state law provides for dismissal of a defendant without prejudice,

---

**3.** The version of § 11–1–63(h) which applies to this case merely provided that "nothing in this section shall be construed to eliminate

any common law defense to an action for damages caused by a product."

and a plaintiff is unable to present any realistic scenario in which his dismissed claims might be reasserted against such defendant, a dismissal with prejudice upon a finding of improper joinder is in order. In arguing to the contrary, plaintiff is able to respond only with esoteric arguments which fail to rebut the fact that he has no real possibility of recovering against Flatland in this case.[4]

Missouri district courts have objected to utilizing the procedural standards set forth in the Missouri statute, and plaintiff suggests that this court should be similarly reluctant to do so. In *Drake*, a Missouri federal judge wrote as follows:

> The paramount effect of § 537.762 is procedural.... Under certain circumstances, it provides a mechanism for the dismissal without prejudice of an innocent seller-defendant at an early pretrial stage of the action. In this respect, it approximates the procedures provided by Federal Rules of Civil Procedure 12 and 56, and this court's Local Rule 7–4.05. The procedure of § 537.762 ought not be invoked for dismissing defendant Wal–Mart in this action in lieu of the procedures provided by the federal rules . . .

*Drake*, 204 F.Supp.2d at 1206. *See also Pruett v. Goldline Laboratories, Inc.*, 751 F.Supp. 1372, 1372 (W.D.Mo.1990). The court views these objections as being beside the point.

The objections of the Missouri courts ignore the fact that a district court is never required to follow state court procedures in the improper joinder context. In the improper joinder context, federal courts routinely overlay federal removal principles and procedures over state law procedures, and the differing standards by

no means preclude federal courts from dismissing nondiverse defendants upon a finding of improper joinder. For example, there are extensive state court procedures for seeking summary judgment, and the fact that these procedures do not apply in federal court by no means precludes federal courts from finding improper joinder, and effecting a dismissal with prejudice, under federal removal principles. In this case, § 11–1–64 sets forth certain procedures for state courts to follow in considering motions by retailers to dismiss, and the court agrees that these procedures are not applicable in federal court. This does not preclude this court, however, from looking at the substance of whether any reasonable possibility exists against the retailers under Mississippi law. It is clear that, in this case, no such possibility of recovery exists against Flatland under the provisions of § 11–1–64.

The court is not unaware of the irony of its interpretation of § 11–1–64, within the context of the statute's legislative history. Section 11–1–64 was plainly drafted as a compromise measure, and the drafters were no doubt aware that Missouri federal courts had interpreted a very similar statute as defeating removal jurisdiction. The fact that § 11–1–64 was generally interpreted as defeating removal jurisdiction is confirmed, in this court's mind at least, by the fact that the statute was repealed outright during the 2004 special session.

In place of the repealed § 11–1–64, the Legislature modified Miss.Code Ann. § 11–1–63 to provide as follows:

> (h) In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable

---

4. The court would also note that the Mississippi statute, unlike its Missouri counterpart, does not provide that an order of dismissal "may be set aside for good cause shown at anytime prior to such disposition." Thus, the Mississippi statute arguably provides somewhat narrower bases for dismissal than the Missouri statute.

unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

Thus, the revised § 11–1–63(h), effective September 1, 2004, provides for immunity for retailers in many cases, but it nevertheless provides that a seller may face liability if it had "constructive knowledge of the defective condition of the product at the time he supplied the product." Thus, § 11–1–63(h) provides broad, but certainly not absolute, protection for retailers in products cases.

It was plainly the intent of the Legislature in the 2004 special session to strengthen, rather than weaken, the 2002 tort reform enactments. For this reason, it is quite ironic that, under the interpretation now reached by two federal district courts, the Legislature abolished a more robust retailer liability statute in favor of a weaker one. It is likewise ironic that many plaintiffs have filed suit prior to the September 1, 2004 effective date of § 11–1–63(h) in order to proceed under the provisions of § 11–1–64. Regardless, it is not the responsibility of this court to avoid ironic results, but merely to interpret the law, and the court agrees with the interpretation of § 11–1–64 reached by Judge Pepper. The court therefore concludes that defendant has demonstrated that no reasonable possibility of recovery exists against the nondiverse retailer in this case, and diversity jurisdiction exists in this case.

The court is aware of the importance of this controlling issue of law, and of the fact that there is substantial ground for difference of opinion regarding the court's interpretations set forth herein. It is further clear that an immediate appeal of the court's order denying remand may "materially advance the ultimate termination of the litigation" and of numerous similar removed cases in this state. *See* 28 U.S.C. § 1292(b). The court has therefore elected to certify this order for interlocutory appeal to the Fifth Circuit Court of Appeals, which appeal may be taken within ten days of this order.

In light of the foregoing, it is ordered that the motion to remand [20–1] is denied. Plaintiff's motion for extension of time [25–1] to file a reply brief is granted. The court's order denying remand is hereby certified for interlocutory appeal to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).