**Bill LOTT and Alycia Lott Plaintiffs**

v.

**CHICKASAW EQUIPMENT COM-PANY and Polaris Industries, Inc. Defendants**

**No. 1:04CV277.**

United States District Court, N.D. Mississippi, Eastern Division.

Jan. 11, 2005.

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, William Thomas Cooper, Gholson, Hicks & Nichols, Columbus, MS, for Bill Lott, Alycia Lott, Plaintiffs.

Jeffrey Lee Ingram, Galese & Ingram, PC, Birmingham, AL, Daniel P. Jordan, III, Butler, Snow, O'Mara, Stevens & Can-nada, Jackson, MS, for Chickasaw Equipment Company, Polaris Industries, Inc., Defendants.

## *ORDER*

MILLS, District Judge.

This cause comes before the court on the motion of defendant Chickasaw Equipment Company ("Chickasaw") to dismiss it as a defendant in this action. The court concludes that the motion is well taken and should be granted.

This action involves products liability claims asserted by plaintiff Bill Lott and his wife Alycia, arising out of an all-terrain vehicle (ATV) accident in which Bill was injured. Plaintiffs filed suit in the Circuit Court of Oktibbeha County on July 26, 2004, and the case was removed to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs moved to remand, arguing that diversity jurisdiction is lacking in this case inasmuch as the retailer defendant Chickasaw is, like plaintiffs, a Mississippi resident. Plaintiffs subsequently conceded, however, that the court's ruling denying remand in the similar case of *Henderson v. Ford Motor Co.*, 340 F.Supp.2d 722 (N.D.Miss.2004), decided by this court shortly after the motion to remand was filed in this case, set forth conclusions of law which would inevitably lead to a denial of the motion to remand herein.

In *Henderson*, this court interpreted Miss.Code. Ann. § 11–1–64 as generally precluding any reasonable possibility of recovery against an "innocent seller," so as to make proper the dismissal of that retailer upon a finding of fraudulent joinder. In so concluding, this court agreed with a similar interpretation of § 11–1–64 made by Judge Pepper in *Burton v. Werner Co.*, 335 F.Supp.2d 734 (N.D.Miss.2004), and the court accordingly denied the motion to remand in *Henderson*.[1] In so concluding,

---

1. This court's conclusion in this regard is consistent with its earlier suggestion in *Duffin*

the court wrote as follows in *Henderson:*

[I]t is plain that the effect of § 11–1–64, in the present case, will be to remove any *real* possibility of recovery against [the retailer defendant] Flatland. Ford is the primary defendant in this case, and there is virtually no chance that Ford will become insolvent, so as to entitle plaintiff to seek recovery from the retailer pursuant to § 11–1–64(2). Plaintiff offers no other scenario in which he might realistically be permitted to recover from Flatland under § 11–1–64. In his complaint, plaintiff merely makes generic allegations that Flatland sold the vehicle to decedent with knowledge of its defective condition.... It is thus apparent that plaintiff has failed to offer any applicable authority to rebut defendants' persuasive arguments that no reasonable possibility of recovery exists against Flatland under Mississippi law. It is likewise clear that plaintiff seeks to hold Flatland liable based solely upon its status as a "seller in the stream of commerce" within the meaning of § 11–1–64. Where, as here, state law provides for dismissal of a defendant without prejudice, and a plaintiff is unable to present any realistic scenario in which his dismissed claims might be reasserted against such defendant, a dismissal with prejudice upon a finding of improper joinder is in order.

*Henderson,* 340 F.Supp.2d at 726–27.. While plaintiffs disagreed with the aforementioned conclusion of law, they conceded that there are no factual differences between *Henderson* and the instant case which might dictate a different result on the motion to remand herein.

Based upon plaintiffs' representations, the court denied the motion to remand and certified its order denying remand for interlocutory review before the Fifth Circuit Court of Appeals.[2] On December 10, 2004, a Fifth Circuit panel denied the motion for interlocutory appeal, without opinion or explanation. Given that the Fifth Circuit turned down this court's invitation to correct any mis-statements of law which it might have made in *Henderson* and in the instant case, this court can only operate under the assumption that these conclusions are correct.

That brings the court to the motion to dismiss filed by Chickasaw in the instant case. Section 11–1–64 sets forth specific procedures which must be followed if a defendant is to seek dismissal in state court, but the court concludes, as it did in *Henderson,* that these procedures need not be followed in federal court. In *Henderson,* this court wrote as follows:

In the improper joinder context, federal courts routinely overlay federal removal principles and procedures over state law procedures, and the differing standards by no means preclude federal courts from dismissing nondiverse de-

---

*v. Honeywell Intern., Inc.,* 312 F.Supp.2d 869, 873 n. 3 (N.D.Miss.2004) that an involuntary dismissal in state court pursuant to § 11–1–64 would not give rise to removal jurisdiction. While the court remains of the view that removal on the basis of any such involuntary dismissal would run afoul of the voluntary-involuntary rule, this case plainly does not involve any such state court dismissal, voluntary or otherwise.

**2.** This court had earlier certified its order denying remand in *Henderson* for interlocu-

tory appeal, but plaintiff in that case failed to seek interlocutory review within the ten days provided by 28 U.S.C. § 1292. Plaintiffs' counsel in this case, seeking an opportunity to effect an interlocutory appeal as soon as possible, conceded that this court's conclusions of law in *Henderson* would dictate denial of the motion to remand in this case, and, based upon this concession, this court elected to certify this issue for interlocutory review once again.

fendants upon a finding of improper joinder. For example, there are extensive state court procedures for seeking summary judgment, and the fact that these procedures do not apply in federal court by no means precludes federal courts from finding improper joinder, and effecting a dismissal with prejudice, under federal removal principles. In this case, § 11–1–64 sets forth certain procedures for state courts to follow in considering motions by retailers to dismiss, and the court agrees that these procedures are not applicable in federal court. This does not preclude this court, however, from looking at the substance of whether any reasonable possibility [of recovery] exists against the retailers under Mississippi law. It is clear that, in this case, no such possibility of recovery exists against Flatland under the provisions of § 11–1–64.

*Henderson,* 340 F.Supp.2d at 727.

Based upon this interpretation of law, the court must look to the substance of whether any reasonable possibility of recovery exists against Chickasaw under Mississippi law. In this case, plaintiffs have already conceded that this court's interpretations of law set forth in *Henderson* would dictate retaining jurisdiction over this case, and the court's retaining jurisdiction over this case clearly requires the absence of Mississippi resident Chickasaw as a defendant. Thus, the procedural posture of the instant case clearly dictates that Chickasaw's motion to dismiss be granted, inasmuch as plaintiffs have impliedly conceded that no possibility of recovery exists against this defendant.

In light of the foregoing, it is ordered that Chickasaw's motion to dismiss [5–1] it as a defendant in this action is granted.